UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TORRAIN KELLY,<br><br>    *Plaintiff*,<br>  v.<br><br>RICHARD WRIGHT PUBLIC CHARTER SCHOOL *et al.*,<br><br>    *Defendants*. | Civil Action No. 16-1853 (TJK) |

### MEMORANDUM OPINION AND ORDER

Defendant Richard Wright Public Charter School is a charter school operating in the District of Columbia, Defendant Marco Clark is the school's CEO, and Plaintiff Torrain Kelly is a former teacher at the school. Both Defendants answered Plaintiff's complaint and moved for summary judgment without asserting as a defense the statutory immunity that is conferred on charter schools and their employees under District of Columbia law. Six months after filing their motion for summary judgment, Defendants moved to dismiss on the basis of this statutory immunity. *See* ECF No. 40 ("Mot."). For the reasons explained below, Defendants' Motion to Dismiss will be denied. The statutory immunity they cite is an affirmative defense that they failed to plead in their answers, and therefore is forfeited. This immunity does not, as Defendants argue, divest this Court of subject-matter jurisdiction.

**I.    Background**

On September 16, 2016, Plaintiff filed suit against Defendants. ECF No. 1 ("Compl."). He asserts claims under the federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; the District of Columbia Family and Medical Leave Act ("DCFMLA"), D.C. Code §§ 32-503, 32-

507; and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401.01 *et seq*. Compl. ¶¶ 56-62.

On October 13, 2016, both Defendants filed answers to Plaintiff's complaint. ECF Nos. 5-6. Neither answer asserted an affirmative defense based on any kind of immunity. ECF No. 5 at 8-10; ECF No. 6 at 8-10. After the close of discovery, on June 9, 2017, Defendants moved for summary judgment. ECF No. 20.

Then, on December 12, 2017, more than six months later, Defendants moved to dismiss on the ground that they are statutorily immune from civil liability. *See* Mot.; ECF No. 45 ("Opp."); ECF No. 54 ("Reply"). In their Motion, Defendants argue that the District of Columbia School Reform Act of 1995 ("School Reform Act"), Pub. L. No. 104-134, § 101(b) tit. II, 110 Stat. 1321, 1321-107 to 1321-156 (1996) (codified as amended at D.C. Code § 38-1800.02 *et seq.*) immunizes them from Plaintiff's DCFMLA and DCHRA claims. Reply at 2-3. One of its provisions, D.C. Code. § 38-1802.04(c)(17), provides as follows:

> (17) *Immunity from civil liability.* —
> (A) *In general.* — A public charter school, and its incorporators, Board of Trustees, officers, employees, and volunteers, shall be immune from civil liability, both personally and professionally, for any act or omission within the scope of their official duties unless the act or omission:
> (i) Constitutes gross negligence;
> (ii) Constitutes an intentional tort; or
> (iii) Is criminal in nature.
> (B) *Common law immunity preserved.* — Subparagraph (A) of this paragraph shall not be construed to abrogate any immunity under common law of a person described in such subparagraph.

Plaintiff does not appear to dispute that this provision applies to his claims arising under District of Columbia law. Instead, he contends that Defendants forfeited this defense because they did not assert it in a responsive pleading. Opp. at 5-6 (citing Fed. R. Civ. P. 12(h)(1)). Defendants counter that the immunity afforded them under the statute goes to the Court's

2

subject-matter jurisdiction, which means it cannot be forfeited.  Reply at 3-4 (citing Fed. R. Civ. P. 12(h)(3)).

## II. Legal Standard

Federal Rule of Civil Procedure 8(c) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."  Fed. R. Civ. P. 8(c).  "The D.C. Circuit has made clear that 'Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion.'"  *Arias v. DynCorp*, No. 01-cv-1908, 2016 WL 6496214, at *4 (D.D.C. Nov. 2, 2016) (emphasis omitted) (citing *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 345 (D.C. Cir. 1997)).  On the other hand, if a defense implicates the Court's subject-matter jurisdiction, Federal Rule of Civil Procedure 12(h)(3) provides that a court "must dismiss" an action if it "determines *at any time* that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  This reflects the fundamental principle that "[s]ubject-matter jurisdiction cannot be forfeited or waived . . . ."  *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009).

In a diversity case, "[d]etermining whether a contention is an affirmative defense for rule 8(c) purposes is a matter of state law."  *Troxler v. Owens-Illinois, Inc.*, 717 F.2d 530, 532 (11th Cir. 1983); *see also Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 901 (6th Cir. 2002) ("Cases from other circuits make clear that the district court was correct in this case to look to Michigan state law to determine whether or not the [statute of repose] is an affirmative defense for the purposes of Rule 8(c).").  But "federal law dictates 'the manner and time in which

3

defenses are raised and when [forfeiture] occurs.'" *Lee v. Universal Underwriters Ins. Co.*, 642 F. App'x 969, 973-74 (11th Cir. 2016) (quoting *Troxler*, 717 F.2d at 532).[1]

## III. Analysis

As a federal court applying District of Columbia law, this Court's duty is to predict, as best it can, how the District of Columbia Court of Appeals would decide the issue upon which Defendants' Motion turns: whether the statutory immunity afforded by D.C. Code § 38-1802.04(c)(17) is an affirmative defense. *See Siegel v. Mazda Motor Corp.*, 835 F.2d 1475, 1476-77 (D.C. Cir. 1987); *Forras v. Rauf*, 39 F. Supp. 3d 45, 53 (D.D.C. 2014). If it is an affirmative defense, then Rule 8(c) requires it to be pleaded—otherwise, it is forfeited.[2] The Court has not located any cases applying District of Columbia law that address this specific question, or the broader issue of whether, as a general matter, statutory immunity is an affirmative defense.

The vast majority of federal courts to consider this question, however, have held that state-law statutory immunity is an affirmative defense that defendants must plead. *See, e.g.*, *Dakshinamoorthy v. Nat'l Ass'n of Boards of Pharmacy*, 475 F. App'x 548, 550 (6th Cir. 2012)

---

[1] "The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. [F]orfeiture is the failure to make the timely assertion of a right[;] waiver is the intentional relinquishment or abandonment of a known right." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 n.1 (2017) (alterations in original) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). At issue here is whether Defendants forfeited a statutory-immunity defense because of their "failure to make the timely assertion of a right." *Id.*

[2] Plaintiff appears to suggest that Defendants forfeited their statutory immunity defense because they did not contest personal jurisdiction. Opp. at 5-6 (citing Fed. R. Civ. P. 12(h)(1)). Personal jurisdiction can, of course, be forfeited. *Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338, 344 (D.C. Cir. 2018). But statutory immunity—which goes to whether Defendants can be held liable—is a different defense than personal jurisdiction, which goes to whether the Court can exercise jurisdiction over Defendants. Thus, it is Rule 8(c), not Rule 12(h)(1), that controls here.

(statutory immunity for reports by health-professional organizations); *Troxler*, 717 F.2d at 533 (statutory immunity for employers under workers' compensation statute); *Cox v. Smith* (*In re Cent. Ill, Energy Coop.*), 561 B.R. 699, 713 (Bankr. C.D. Ill. 2016) (statutory immunity for directors of agricultural cooperative); *Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 819-20 (N.D. Ill. 2002) (statutory immunity for public officials performing discretionary functions); *Roush v. Stone*, No. 2:08-cv-141, 2010 WL 3037003, at *2 (S.D. Ohio Aug. 2, 2010) (statutory immunity for state employees); *Shirsat v. Mut. Pharm. Co.*, No. 93-cv-3202, 1996 WL 606297, at *3 (E.D. Pa. Oct. 22, 1996) (immunity under workers' compensation statute); *see also In re Stock Exchs. Options Trading Antitrust Litig.*, 317 F.3d 134, 151 (2d Cir. 2003) ("Affirmative defenses and avoidances other than those specifically referenced [in Rule 8(c)] have been found to include . . . statutory immunity . . . ." (first alteration in original) (quoting 2 Moore's Federal Practice § 8.07[5] (3d ed. 1999)). And in many of these cases, the court held that defendants had, in fact, forfeited this affirmative defense. *Troxler*, 717 F.2d at 533; *Niebur*, 212 F. Supp. 2d at 819-20; *Roush*, 2010 WL 3037003, at *3-4.

Consistent with these authorities, the Court concludes that the District of Columbia Court of Appeals would likely hold that the statutory immunity at issue here is an affirmative defense. As such, defendants in federal court "must first raise . . . [it] in a responsive pleading before [they] can raise [it] in a dispositive motion." *Harris*, 126 F.3d at 345. Defendants did not raise statutory immunity as an affirmative defense. *See* ECF No. 5 at 8-10; ECF No. 6 at 8-10. And they have not sought leave to amend their answers. Thus, they have forfeited this affirmative defense. *See, e.g.*, *Gilbert v. Napolitano*, 670 F.3d 258, 260-61 (D.C. Cir. 2012) ("[Defendant] points out that it promptly asserted the defense in its motion to dismiss, but this misses the point: as we have explained, 'a party must first raise its affirmative defenses in a responsive pleading

before it can raise them in a dispositive motion.'" (quoting *Harris*, 126 F.3d at 345)); *Butler v. White*, 67 F. Supp. 3d 59, 67 (D.D.C. 2014) ("If defendant had argued the affirmative defenses in its dispositive motion but never filed a motion to amend, *Harris* would certainly call for the forfeiture of defendant's affirmative defenses."); *Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 91 (D.D.C. 2005), *aff'd*, 222 F. App'x 5 (D.C. Cir. 2007).

Defendants suggest in their reply brief that the School Reform Act confers "absolute statutory immunity" which "cannot be [forfeited]." Reply at 4. But the only case they cite to support this proposition, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982), merely stands for the unremarkable proposition that subject-matter jurisdiction cannot be forfeited—a point no one contests. *See id.* at 702. The case says nothing about whether "absolute statutory immunity" goes to a court's subject-matter jurisdiction. Moreover, even if it did, the statute at issue here does not confer "absolute" immunity. It applies only to "any act or omission within the scope of [public charter schools' or their employees'] official duties." D.C. Code. § 38-1802.04(c)(17)(A). It also leaves public charter schools and their employees open to claims based on gross negligence, an intentional tort, or criminal activity. *Id.* For these reasons, the immunity provided by the School Reform Act is far from "absolute"—rather, it is a carefully limited immunity. Thus, like other forms of statutory immunity, it is an affirmative defense that can be forfeited. *Dakshinamoorthy*, 475 F. App'x at 550; *Troxler*, 717 F.2d at 533.

In sum, the Court concludes that the limited statutory immunity provided by the School Reform Act is an affirmative defense that Defendants failed to plead in their answers, ECF Nos. 5-6, and thereby forfeited. *Harris*, 126 F.3d at 354.

## IV. Conclusion and Order

For all of the above reasons, Defendants' Motion to Dismiss, ECF No. 40, is **DENIED**.

**SO ORDERED.**

                                            /s/ Timothy J. Kelly
                                            TIMOTHY J. KELLY
                                            United States District Judge

Date: July 9, 2018